(133 App. Div. 459.)

THOMAS v. NOONAN et al.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. SET-OFF AND COUNTERCLAIM (§ 44*)—PERSONS ENTITLED TO PLEAD—ONE OF JOINT DEFENDANTS.

In an action against two joint obligors to foreclose a mechanic's lien, a counterclaim cannot be pleaded in behalf of one of them.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 85; Dec. Dig. § 44.*]

2. PLEADING (§ 182*)—WAIVER OF OBJECTIONS—FAILURE TO REPLY.

A counterclaim pleaded against one of defendants in an action against two joint obligors was not admitted by plaintiff's failure to reply thereto,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as plaintiff can urge the impropriety of pleading the counterclaim without a reply.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 388; Dec. Dig. § 182.*]

3. EVIDENCE (§ 601*)—WEIGHT AND SUFFICIENCY—VALUE.
Evidence on the part of the seller that lumber was worth from $18 to $20 per thousand was not sufficient proof of any value greater than $18.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 601.*]

Appeal from Trial Term, Warren County.

Action by Ernst K. Thomas against John Noonan and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

L. M. Pulver (George R. Salisbury, of counsel), for appellant.
S. M. Richards, for respondents.

SMITH, P. J. The action is brought to foreclose a mechanic's lien. The plaintiff was employed by the defendants to make some improvements upon the real property owned by Azilda Noonan. He claimed the sum of $241. The defendants claimed that the repairs were to be made for $200, which was found as a fact by the referee. There was a claim for extras to the amount of $9.26, about which there was no dispute, so that upon the findings of the referee the plaintiff had a lien for $209.26, less the amount of any counterclaim that the defendants held against the plaintiff.

The defendants pleaded two counterclaims; one a counterclaim for groceries and provisions furnished by the defendant John Noonan. Of this, however, no evidence was given. It is claimed that there was no reply to this counterclaim, and, therefore, that the claim was admitted. The action is brought against two joint obligors. The counterclaim is in behalf of one of them only, and is not properly pleaded in the action; and this objection may be urged by the plaintiff, even without a reply. Lipman v. Jackson Architectural Iron Works, 128 N. Y. 58, 27 N. E. 975.

The other counterclaim of the defendants was for lumber furnished. Upon the defendants' computation there was some 14,313 feet of lumber originally piled, from which 3,500 feet had been sold before the sale was made to the plaintiff. This leaves 10,813 feet, which was sold to the plaintiff. Of this 548 feet was found to be worth $10 per thousand. This would amount to $5.48. The remaining amount, to wit, 10,265 feet, was sworn to have been worth from $18 to $20 per thousand. But the evidence of a witness that lumber is worth from $18 to $20 is no legal proof of a value greater than $18, and at $18 the value of this lumber was $184.77. This, added to the $5.48, makes $190.25, the extent of the defendants' counterclaim against the plaintiff. This leaves the plaintiff with a valid lien for $19.01. The referee has apparently made an error in computation, as well as in allowing the defendants the sum of $20 per thou-

sand for lumber upon the testimony stated. He found for the defendants in the sum of about $5, and charged the plaintiff with the costs of the action. If the conclusion which I have indicated be right, this judgment was erroneous, and should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, referee discharged, and new trial granted, with costs to appellant to abide event. All concur.