### SAMUELS v. TWIN STATE REALTY CO.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

SET-OFF AND COUNTERCLAIM (§ 49*)—SUBJECT-MATTER OF COUNTERCLAIM.

Where a member of a partnership assigned to plaintiff a claim due him as an individual, defendant could not counterclaim for advances made to the firm, of which plaintiff's assignor was a partner.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–112, 114–117; Dec. Dig. § 49.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis B. Samuels against the Twin State Realty Company, in which defendant counterclaimed. From a judgment for defendant on its counterclaim, plaintiff appeals. Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Nathan S. Jerome, of New York City, for appellant.

Bennett E. Siegelstein, of New York City, for respondent.

PER CURIAM. Plaintiff sues as the assignee of one Garfunkel to recover commissions alleged to have been earned in making sales of real property owned or controlled by the defendant. The answer pleads a counterclaim for money advanced to the plaintiff's assignor.

As nearly as we can determine from the record, which is in a confused state, the court below allowed the plaintiff the amount claimed, and allowed the defendant's counterclaim to the amount of the plaintiff's claim, and awarded judgment in favor of the defendant. That this was the manner in which the conclusion announced was reached is to be inferred from the testimony which the court received as to the defendant's counterclaim, although there is nothing in the return which indicates that the counterclaim was passed upon, except that the return makes reference to the answer which sets up the counterclaim. Upon what theory the court below allowed a counterclaim against plaintiff's assignor against the plaintiff does not appear. It does appear, however, that the plaintiff's assignor and one Goldberg were partners, and the advances which the defendant claims to have made to the plaintiff's assignor were made to the partnership. The defendant could not recover upon a counterclaim against the plaintiff upon a debt due it from a partnership of which the plaintiff's assignor was a member. Thomas v. Noonan, 133 App. Div. 459, 118 N. Y. Supp. 25.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.